IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| DARLENE BALL-RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. PJM-11-1398 |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| PRINCE GEORGE'S COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before this Court are Defendant's Motion Regarding The Sufficiency Of Plaintiff's

Responses To Defendant's Requests For Admission ("Motion for Admissions") (ECF No. 51),

Defendant's Motion For Sanctions (ECF No. 52), and Defendant's Motion To Strike As

Untimely Plaintiff's Opposition To Defendant's Motion For Rule 37 Sanctions ("Motion to

Strike") (ECF No. 56). The Court has reviewed Defendant's Motions, related memoranda, and

applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the

reasons presented below, the Court GRANTS Defendant's Motion for Admissions, GRANTS

Defendant's Motion for Sanctions, and DENIES Defendant's Motion to Strike as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In her Amended Complaint, Plaintiff alleges that Defendant discriminated against her on

the basis of her race and sex by creating a hostile work environment and by retaliating against

her after she complained about discrimination in the work place, in violation of Title VI of the

Civil Rights Act of 1964 and Title IX of the Education Amendments Act of 1972. Am. Compl.

¶¶ 67-90 (ECF No. 13). The majority of the allegations stem from the conduct of the then-

principal of Largo High School, Angelique Simpson-Marcus. Pl.'s Opp. Br. 1-2 (ECF No. 55).

On August 7, 2012, Defendant served Plaintiff with its First Request For Production Of

Documents. Def. Mot. to Compel Ex. 1 (ECF No. 44). Plaintiff failed to timely serve responses

to the request. Def.'s Br. 2 (ECF No. 52-1). On September 21, 2012, Plaintiff was deposed by

Defendant. *Id*. Plaintiff stated at the deposition that she had in her possession the following

documents which Defendant claims are responsive to its document request:

> 1. Emails to William Barnes, Pamela Harris, and Plaintiff's union
>    representative regarding the allegations set forth in her complaint.
>
> 2. Documents from Largo High School which Plaintiff copied because "I felt
>    I would need later," referencing the instant litigation.

Def.'s Br. 3. Defendant requested that Plaintiff provide these documents during the deposition

and made several additional attempts to obtain them afterwards. *Id*. While Plaintiff produced

some documents after the deposition, the above-referenced emails and documents were not

produced until February 28, 2013, after Defendant filed a Motion to Compel. Def.'s Br. 3-4.

Defendant filed the pending Motion for Sanctions on March 13, 2013, requesting that

Plaintiff not be permitted to use the above-referenced documents at trial and that it be granted

attorneys' fees and costs for obtaining their production. Def.'s Mot. 1 (ECF No. 52). Plaintiff

filed her response to the Motion for Sanctions on April 21, 2013, twenty-two days late. Pl.'s

Opp. Mot. 1 (ECF No. 55). Defendant has filed a Motion to Strike Plaintiff's opposition brief

because of its untimeliness. Pl.'s Mot. 1 (ECF No. 56).

Subsequent to Plaintiff's deposition, Defendant served her with Requests for Admission

based on her testimony. Def.'s Br. 1 (ECF No. 51-2). Defendant alleges that Plaintiff's answers

were in violation of Federal Rule of Civil Procedure 36 and requests that they be ordered

admitted and that Plaintiff pays its costs and fees. *Id*. Plaintiff never filed a response in

opposition to Defendant's Motion for Admissions.

I.    **Plaintiff's Responses To The Requests For Admission Were In Violation Of Federal Rule of Civil Procedure Rule 36 And Will Be Deemed Admitted.**

Defendant moves the Court to deem admitted certain of Plaintiff's responses to its

Request for Admissions because they were legally insufficient.  Federal Rule of Civil Procedure

36 allows any party to serve on another party requests to admit the truth of facts, the application

of law to fact, or opinions relating to matters within the scope of discovery.  Fed. R. Civ. P.

36(a)(1).  The purpose of the Rule is to "narrow the array of issues before the court, and thus

expedite both the discovery process and the resolution of the litigation." *Adventis, Inc. v.*

*Consolidated Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005); *Lynn v. Monarch*

*Recovery Mgmt., Inc.*, 285 F.R.D. 350, 363 (D. Md. 2012) (internal quotation marks omitted).

The two possible sanctions for a violation of Rule 36 are to order the matter admitted or to order

the responding party to serve an amended answer.  Fed. R. Civ. P. 36(a)(6).  It is often

appropriate to order the matter admitted where a party responds to a Rule 36 request in bad faith

or does so evasively.  *See Louis v. Martinez*, 5:08-CV-151, 2011 WL 1832808, at *3 (N.D.W.

Va. May 13, 2011) (deeming answers admitted where defendants "abused the discovery process"

with multiple evasive and meritless responses); *House v. Giant of Maryland LLC*, 232 F.R.D.

257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague

promises of a future response, or quibbling objections can result in the request being deemed

admitted."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 499 (D. Md. 2000) ("Failure to

adhere to the plain language of this statute requires that the fact in question be admitted.").

If the responding party chooses not to admit a requested item, that party must

specifically deny it or state in detail why it cannot admit or deny it.  Fed. R. Civ. P. 36(a)(4).  "A

denial must fairly respond to the substance of the matter; and when good faith requires that a

party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*; *see also* 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2260 (3d ed. 2013) ("It is expected that denials will be forthright, specific, and unconditional. If a response is thought insufficient as a denial, the court may treat it as an admission."). If the party is asserting that it cannot admit or deny due to lack of knowledge or information, it must state that it has first made a reasonable inquiry into the matter. Fed. R. Civ. P. 36(a)(4). A plain statement that a party is unable to admit or deny without any further explanation violates Rule 36. *See* Wright et al., *supra*, § 2261 ("A general statement that [a party] can neither admit nor deny, unaccompanied by reasons, will be held an insufficient response, and the court may either take the matter as admitted or order a further answer.").

Plaintiff never responded to Defendant's Motions for Admissions, which is therefore unopposed. Even when a motion is unopposed, the reviewing court must ensure that the moving party is entitled to the relief that it seeks. *See Cambridge Capital Grp. v. Pill*, 20 F. App'x 121, 123 (4th Cir. 2001) (refusing to automatically grant an unopposed motion for summary judgment without examining whether moving party met its burden under Fed. R. Civ. P. 56); *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (same). Nonetheless, it should be evident that Plaintiff's failure to oppose the motion leaves Defendant's arguments uncontested in such a way that may affect the ultimate outcome. Courts examining motions regarding the sufficiency of a Rule 36 response may deny relief where the responding party can provide some explanation that contextualizes a challenged response. *See, e.g.*, *Lynn*, 285 F.R.D. at 366-67 (declining to sanction a party who explained in its opposition motion that it had failed to appreciate a nuance in the moving party's request and then supplemented its response). Further, a party's overall conduct during the discovery process may be relevant in determining whether an insufficient

4

answer to a Rule 36 request for admission should be deemed admitted. *See United States v. Kenealy*, 646 F.2d 699, 702-03 (1st Cir. 1981) (affirming the admission of a responding party's responses due to its "opaque, generalized, and tardy denials, [and] their failure to oppose the government's request for this relief."); *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (affirming the admission of a responding party's responses where that party had caused a "year of volatile and acrimonious fighting" during discovery). Here, Plaintiff provided no explanations of her answers in either her original response to Defendant's requests or in an opposition brief. Plaintiff's lack of responsiveness and tardiness throughout the discovery process creates a negative inference against her in determining the sanction to apply for a violation of Rule 36. The Court will take each request for admission in turn.

## A. Request for Admission No. 4

Defendant's Request for Admission No. 4 states: "Admit that you only heard Principal Simpson-Marcus make inappropriate comments about you on two occasions." Def.'s Br. 6. Plaintiff's answer was simply, "Denied." *Id*. Defendant argues that this response was inappropriate in light of Plaintiff's deposition testimony, in which the following colloquy occurred:

> Q. Okay. How many times would you say something was said about you that you thought was inappropriate?
>
> A. I'm sure there have been numerous times that they were said that were – that was one I actually heard. But the other ones, someone else telling me about that, I – it was always inappropriate.
>
> Q. Okay. So how many times did you hear Principal Simpson Marcus say anything inappropriate about you?
>
> A. That was – other than the [time she said], one hood rat go, two more to go, that – that was the only other term I actually heard.

Def.'s Br. 6. Given Plaintiff's deposition testimony, it is evident that Plaintiff's denial required

further qualification or explanation. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires

that a party qualify an answer or deny only a part of a matter, the answer must specify the part

admitted and qualify or deny the rest."). The testimony illustrates that Plaintiff's one-word

answer cannot be considered a good faith response to the substance of the matter. *See id.* As

Plaintiff has twice declined to provide such explanation (in its original response and by failing to

oppose Defendant's motion), Defendant's motion is GRANTED as to Request for Admission

No. 4 and the answer is deemed admitted.

### B. Request for Admission No. 6

Defendant's Request for Admission No. 6 states: "Admit that you do not believe

Principal Simpson-Marcus['] treatment of the front office secretaries was based on race." Def.'s

Br. 7. Plaintiff's response was "Denied." *Id.* Again, Defendant refers the Court to a portion of

Plaintiff's deposition testimony.

> Q. What you're saying Simpson Marcus said to – because she wanted to get rid
> of Ms. Allison?
>
> A. I – that's the only – I mean, Ms. Allison is a very sweet person. She's a good
> worker. I – I was – I don't know what other reason it could – it could be.
>
> Q. Okay. But it's not your belief that this was motivated by race, correct?
>
> A. No. I don't feel that it was motivated by race, but the racial tones, the – the
> verbiage she used was definitely racial.

*Id.* Plaintiff's deposition testimony indicates that if she were to deny in good faith the requested

admission, additional qualification or explanation would be required specifying what part of the

request is admitted and what part is denied. *See* Fed. R. Civ. P. 36(a)(4). Further, there is

nothing inappropriate about Defendant seeking a request for admission based on Plaintiff's

personal belief. Any matter within the general scope of discovery is appropriate for a request for

admission, including a party's opinions. Fed. R. Civ. P. 36(a)(1). The 1970 amendments to Rule

36 were intended to resolve "conflicts in the court decisions as to whether a request to admit

matters of 'opinion' and matters involving 'mixed law and fact' is proper under the rule." Fed.

R. Civ. P. 36 Advisory Committee Note (1970). Defendant's motion is GRANTED as to

Request for Admission No. 6 and the answer is deemed admitted.

### C. Request for Admission No. 7

Defendant's Request for Admission No. 7 states, "Admit that the terms "ghetto," "hood

rat," and "chicken head" were not said to you." Def.'s Br. 7. Plaintiff's response was "Denied."

*Id*. The relevant deposition testimony is:

> Q. Okay. And just to be clear, because you made some reference to those
> comments, ghetto, hood rat and chicken head, those were never said to you,
> correct?
>
> A. They were said around me.
>
> Q. But never to you?
>
> A. Not to me.

*Id*. For the same reasons provided above as to Requests for Admission Nos. 4 and 6,

Defendant's motion is GRANTED as to Request for Admission No. 7 and the answer is deemed

admitted.

### D. Requests for Admissions Nos. 8, 9, 10, and 11

Each of Defendant's Requests for Admissions Nos. 8 through 11 asks for Plaintiff to

admit that she did not believe that Principal Simpson-Marcus disliked her or harassed her

because of her race or sex. Pl.'s Br. 8-9. To each request, Plaintiff responded only, "Can neither

admit nor deny." *Id*. Rule 36 specifically requires the responding party to "state in detail" why a

matter cannot be admitted or denied. Fed. R. Civ. P. 36(a)(4). For each request, Defendant

provided the relevant portion of Plaintiff's deposition testimony in which she stated the beliefs

that Defendant now seeks for her to admit.  Pl.'s Br. 8-9.  Since Plaintiff has twice failed to

provide the explanation required by Rule 36, Defendant's motion is GRANTED as to Requests

for Admission 8 through 11 and the answers are deemed admitted.

### E.  Requests for Admission No. 12

Defendant's Request for Admission No. 12 states, "Admit that you believe Principal

Simpson-Marcus' treatment of you was based on 'something personal.'"  Def.'s Br. 9.  Plaintiff's

response was "Denied."  *Id.*  Defendant provides the following deposition testimony:

> Q.  Do you believe that Principal Simpson Marcus didn't like you because you
> were African American?
>
> A.  No.  I don't think that had anything to do with it.  I think it's just totally
> something personal.
>
> Q.  Okay.  And at what point — you were always aware that it had nothing to do
> with you being African American?
>
> A.  I never felt that her dislike for me was about my color, my race.

*Id.*  Once again, the deposition testimony makes clear that any good faith denial would require

partial qualification or explanation.  *See* Fed. R. Civ. P. 36(a)(4).  As Plaintiff has failed to do so,

Defendant's motion is GRANTED as to Request for Admission 12 and the answer is deemed

admitted.

## II.  Defendant Is Entitled To Expenses And Attorneys' Fees For Plaintiff's Answers To Its Requests For Admission.

Plaintiff has moved for reasonable costs and attorneys' fees incurred in bringing its

Motion for Admissions.  Pl.'s Br. 11.  Federal Rule of Civil Procedure 36(a)(6) states that Rule

37(a)(5) applies to an award of expenses for an insufficient response.  Rule 37(a)(5) requires the

court to order the party whose conduct necessitated the motion to pay the moving party's

reasonable expenses and attorneys' fees, after first giving the responding party an opportunity to

be heard.  There are three exceptions in which the court must not order payment: (i) the movant

filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). None of the three exceptions apply here. In accordance with Local Rule 104.7 (D. Md.), Defendant's attorney engaged Plaintiff's attorney in a telephone conference to discuss this matter before filing its Motion for Admissions. Def.'s Certification of Conference of Counsel (ECF No. 51-1). There are no circumstances to suggest that Plaintiff's conduct was substantially justified or that an award of expenses would be unjust. Therefore, the Court grants Defendant's motion for reasonable expenses and attorneys' fees incurred in bringing its Motion for Admissions. Defendant's counsel must file a separate motion for fees and costs supported by an affidavit and any other documentation. Plaintiff's attorney will then have an opportunity to file an opposition.

The expenses and fees ordered by the Court are to be paid by Plaintiff's attorney, not by Plaintiff herself. Federal Rule of Civil Procedure 26(g)(1) requires that every discovery request, response, or objection be signed by at least one attorney of record. By signing, that attorney certifies that to the best of his or her knowledge the discovery request, response, or objection is "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law." Fed. R. Civ. P. 26(g)(1). Rule 26(g)(3) allows the court to impose an appropriate sanction on an attorney who violates the Rule without substantial justification, including an order to pay reasonable expenses, including attorneys' fees. Here, Plaintiff's attorney electronically signed his client's responses to the Requests for Admissions. Def.'s Mot. Ex. 2 (ECF No. 51-4). It is Plaintiff's attorney who is knowledgeable about the discovery process and the Federal Rules of Civil Procedure and whose

duty it was to ensure that the responses complied with Rule 36.  Since Plaintiff's attorney failed

to do so, the Court orders that he pay Defendant's expenses and fees.

### III. Defendant's Motion To Strike Plaintiff's Opposition To Its Motion For Sanctions Will Be Denied As Moot.

Defendant has moved to strike Plaintiff's opposition brief in response to its Motion for

Sanctions for Plaintiff's failure to produce documents.  Local Rule 105.2 (D. Md.) requires that

all opposition memoranda be filed within fourteen (14) days of the service of the motion.

Federal Rule of Civil Procedure 6(d) permits the respondent an additional three days if the

motion was served by mail or electronic means.  Since Local Rule 105.2 does not provide the

consequence for a failure to meet the prescribed deadline, it is within the discretion of the court

whether to consider a late submission untimely and strike it from the record.  *See Curtis v.

Evans*, No. 2003-2774, 2004 WL 1175227, at *1 (D. Md. May 27, 2004).

Defendant filed the Motion for Sanctions on March 13, 2013.  Def.'s Mot. 1 (ECF No.

52).  Plaintiff's filed its response to the Motion for Sanctions on April 21, 2013, twenty-two days

past the deadline.  Pl.'s Opp. Br. 1 (ECF No. 55).  However, the Court has reviewed Plaintiff's

opposition brief and finds that Defendant is nonetheless entitled to the relief it seeks.  Therefore,

the Court denies Plaintiff's Motion to Strike as moot.

### IV. Plaintiff Will Be Prevented From Using At Trial Documents That Were Not Timely Produced.

Defendant moves for an order excluding from trial specific documents Plaintiff produced

to it on February 28, 2013.  A party may serve on any other party a request for the production of

documents within the scope of discovery as defined by Federal Rule of Civil Procedure 26(b).

Fed. R. Civ. P. 34(a).  The party to whom the request is directed must respond in writing within

thirty (30) days after being served, unless a different timeframe is ordered or stipulated to.  Fed.

R. Civ. P. 34(b)(2).  Any party who has responded to a discovery request is required to

supplement the response in a timely manner if that party learns that it was incomplete or incorrect in some material way. Fed. R. Civ. P. 26(e). Further, the discovery rules place an obligation on the certifying attorney to make a reasonable inquiry into the factual basis for any discovery response, request, or objection. Fed. R. Civ. P. 26(g)(1). If a party fails to provide required discovery, that party is not allowed to use the undisclosed information at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Nonetheless, the court retains the discretion to impose other sanctions in addition to or instead of exclusion at trial. *Id.*; *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 517 (D. Md. 2010) (finding authority to issue sanctions in the court's "inherent power to control the judicial process and litigation, a power that is necessary to redress conduct which abuses the judicial process") (internal quotation marks omitted).

The documents provided on February 28, 2013, which are the subject of Defendant's Motion for Sanctions consist of two sets: (1) emails to William Barnes, Pamela Harris, and Plaintiff's union representative, and (2) documents from Largo High School which Plaintiff copied before leaving her employment there. Pl.'s Br. 3. Defendant served its Request for Production of Documents on Plaintiff on August 7, 2012. Pl.'s Br. 2. Included amongst the twenty-five categories of documents that Defendant requested were "all documents concerning the events of unlawful employment practices that you allege," "all documents concerning any alleged complaint made by you relating to the events that you allege . . . to anyone," and "all documents . . . which relate to . . . any communication between you and any person concerning the subject matter of this litigation." Def.'s Mot. to Compel Ex. 1 (ECF No. 44-2). Defendant alleges that Plaintiff failed to timely serve her responses to those requests. Def.'s Br. 2.

Plaintiff's attorney states that Plaintiff "could not locate any documents that were requested." Pl.'s Br. 5.

During Plaintiff's deposition on September 21, 2012, it became clear that Plaintiff was in possession of responsive documents. While being questioned about a comment that Principal Simpson-Marcus allegedly made regarding the reason for Plaintiff being transferred from Largo High School, Plaintiff stated "I've referenced [the comment] several times in emails to Mr. Barnes, Ms. Harris, and Ms. Thompson, my union rep[resentative]." Def.'s Mot. to Compel Ex. 2 (ECF No. 44-3). She also stated that she copied "all the documents that [she] felt [she] would need later" before leaving Largo High School. *Id.* She indicated that she had previously provided her attorney with "some" of the documents which she had referenced. *Id.*

During the deposition, Defendant's attorney requested that Plaintiff's attorney provide him the above-referenced documents. *Id.* While Plaintiff did produce some documents on September 25, 2012, the balance of the documents discussed above were not provided. Def.'s Br. 3. On December 4, 2012, Defendant's attorney sent an email to Plaintiff's attorney requesting that the documents be produced. *Id.*; Def.'s Mot. to Compel. Ex. 3 (ECF No. 44-4). On January 6, 2013, Defendant served its Motion to Compel on Plaintiff pursuant to Local Rule 104.8 (D. Md.). Def.'s Mot. to Compel Ex. 4 (ECF No. 44-5). Plaintiff never served a reply in opposition on Defendant. Def.'s Br. 3-4. On January 18, 2013, counsel for Plaintiff and Defendant held a telephone conference regarding the outstanding documents. Def.'s Br. 4. On February 4, 2013, Defendant filed its Motion to Compel with the Court. Def.'s Mot. to Compel (ECF No. 44). Plaintiff finally provided the documents on February 28, 2013, a full 172 days after they should have been produced in response to Defendant's Request for Production of Documents. Def.'s Br. 4. Defendant then withdrew its Motion to Compel. Order (ECF No. 50).

In its opposition brief, Plaintiff does not contest the above allegations. Plaintiff asserts that the two sets of documents are not relevant to her hostile work-environment claim because they concern a "single incident" between Ms. Ball-Rice and another secretary, in which Plaintiff made rude and offensive comments to the other secretary and after which she was removed from Largo High School pending an investigation. Pl.'s Br. 6.

Plaintiff's arguments are without merit. The Federal Rules of Civil Procedure provide that the scope of discoverable information is not limited to what would be admissible at trial, but that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Information regarding the incident described by Plaintiff is plainly discoverable as it relates the circumstances of her termination and of the hostile work environment she alleges. Further, her deposition testimony indicates that the emails do not just refer to the above incident but also to comments made by Principal Simpson-Marcus regarding Plaintiff's termination. Def.'s Mot. to Compel Ex. 2 (ECF No. 44-3). Her deposition testimony strongly suggests that she copied the other documents at Largo High School because she felt she would need them for this litigation. *Id.* Both groups of documents are responsive to Defendant's requests for documents "concerning" the unlawful employment practices she alleges and "relating to" communications regarding those practices. *See* Def.'s Mot. to Compel Ex. 1 (ECF No. 44-2). Plaintiff's attorney was under a duty to conduct a reasonable inquiry to discover these responsive documents. *See* Fed. R. Civ. P. 26(g)(1). Even if he first discovered their existence at Plaintiff's deposition his duty to supplement prior disclosures required him to provide them promptly. *See* Fed. R. Civ. P. 26(e). However, Plaintiff delayed for an additional five months and only provided the documents after Defendant filed its Motion to Compel. Plaintiff's actions

were not substantially justified and the documents provided on February 28, 2013, will be excluded from use at trial.

When a party produces documents only after the opposing party has filed a motion to compel, Federal Rule of Civil Procedure 37(a)(5)(A) mandates sanctions in the form of payment of the moving party's reasonable expenses and attorneys' fees. As discussed *supra* in Section II, none of the exceptions provided in Rule 37(a)(5)(A) apply here. Therefore, the Court orders Plaintiff to pay Defendant's reasonable expenses and attorneys' fees in obtaining the above-referenced documents. As there is no record evidence as to whether Plaintiff or her attorney was responsible for the failure to provide documents, the Court expresses no opinion on the source of payment of the sanctions. Defendant's counsel must file a separate motion for fees and costs supported by an affidavit and any other documentation. Plaintiff's attorney will then have an opportunity to file an opposition.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Admissions, GRANTS Defendant's Motion for Sanctions, and DENIES Defendant's Motion to Strike as moot.


May 23, 2013                                                /s/
                                             Charles B. Day
                                             United States Magistrate Judge

CBD/ISA