CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

October 4, 2013

**VIA ELECTRONIC FILING**

Bryan A Chapman, Esq.
325 Pennsylvania Ave. SE
Washington, DC 20004

Darlene Ball-Rice
611 Harry S, Truman Dr. #307
Upper Marlboro, MD 20774

Abbey Gail Hairston, Esq.
Anneliese Marie Kite Stone, Esq.
Linda Hitt Thatcher, Esq.
Robert Judah Baror, Esq.
Thatcher Law Firm LLC
7849 Belle Point Dr.
Greenbelt, MD 20770

Re: *Ball-Rice v. Board of Education of Prince George's County*
Civil Action No.: PJM-11-1398

Dear Counsel and Ms. Ball-Rice:

The Court has received and reviewed the Motion for Fees and Costs filed by Defendant Board of Education of Prince George's County (the "Motion for Fees") (ECF No. 60), which seeks reimbursement for attorneys' fees and costs associated with both its Motion Regarding the Sufficiency of Plaintiff's Responses to Defendant's Requests for Admission (the "Motion for Admissions") (ECF No. 51) and its Motion for Sanctions (ECF No. 52). No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS the Motion for Fees and awards Defendant $8,169.13.

## I.     BACKGROUND

On March 13, 2013, Defendant filed both its Motion for Admissions and its Motion for Sanctions. *See generally* Mot. Admis. 1, Mot. Sanctions 1–2. The factual allegations set forth therein may be found in this Court's Memorandum Opinion (ECF No. 58).

Defendant's Motion for Admissions requested that the Court admit particular requests for admissions, to which Plaintiff did not properly responded. Mem. Op. 5–8. The Court granted the Motion for Admissions and awarded Defendant reasonable expenses and attorneys' fees incurred in bringing the motion. *Id.* at 14. Furthermore, the Court emphasized that

> The expenses and fees ordered by the Court are to be paid by Plaintiff's attorney, not by Plaintiff herself . . . . It is Plaintiff's attorney who is knowledgeable about the discovery process and the Federal Rules of Civil Procedure and whose duty it

> was to ensure that the responses complied with Rule 36. Since Plaintiff's attorney failed to do so, the Court orders that he pay Defendant's expenses and fees.

*Id.* at 9–10.

Defendant's Motion for Sanctions sought to preclude responsive documents from trial that Plaintiff did not timely produce during discovery. *Id*. at 10. The Court also granted this motion and awarded Defendant reasonable expenses and attorneys' fees incurred in obtaining the documents. *Id*. at 14. The Court stated that

> As there is no record evidence as to whether Plaintiff or her attorney was responsible for the failure to provide documents, the Court expresses no opinion on the source of payment of the sanctions. Defendant's counsel must file a separate motion for fees and costs supported by an affidavit and any other documentation. Plaintiff's attorney will then have an opportunity to file an opposition.

*Id.* Defendant filed its Motion for Fees on June 14, 2013, seeking reimbursement of $3,991.52 for its Motion for Admissions and $7,384.91 for its Motion for Sanctions. Mot. Fees 1. Plaintiff did not file an opposition to the Motion for Fees.

On July 1, 2013, the Honorable Peter J. Messitte held a motions hearing, granted Defendant's Motion for Summary Judgment, and closed the case (ECF No. 63).

## II. DISCUSSION

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court must "require the party . . . whose conduct necessitated the [discovery] motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Courts determine the amount of attorney's fees to award by first calculating the "lodestar figure." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate. *Id*. The Court examines the following twelve factors to determine reasonable hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional

>relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. at 243–44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))). The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

The Court finds *Johnson* factors one, eight, and nine most persuasive in evaluating Defendant's Motion. Factor one is relevant because Defendant's attorneys spent time and effort filing both the Motion for Admissions and Motion for Sanctions, and obtaining documents responsive to Defendant's discovery requests. *See* Mot. Fees Ex. 2. Factor eight is relevant because both Defendant's discovery and liability contentions were meritorious, as evidenced by its successful motion for summary judgment. Factor nine is relevant because the more experienced an attorney, the more efficiently he or she is expected to perform. In this case, Defendant's counsel Robert J. Baror provided an affidavit indicating the time expended and the experience levels of the attorneys for the defense. Mot. Fees Ex. 1.

Keeping these factors in mind, the Court will now address the reasonableness of the rates at which counsel seek to be reimbursed and the reasonableness of the hours spent by counsel on both the Motion for Admissions and Motion for Sanctions.

### A. Reasonable Billing Rate

Defendant offers an affidavit in support of the reasonableness of counsel's billing rates. *See* Mot. Fees Ex. 1. Standing alone, the Court finds this affidavit insufficient. A party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *See Robinson*, 560 F.3d at 244 (emphasis, citations, and internal quotation marks omitted). Affidavits from "*other* local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are the usual form of such evidence. *Id.* (emphasis added); *see also CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). Mr. Baror is incapable of providing *independent* evidence of the prevailing market rate because he is Defendant's counsel in this case.

Nonetheless, Defendant's failure to provide affidavits from independent counsel is not fatal. Although affidavits are the preferred evidence of the prevailing market rates for legal services, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." *CoStar*, 106 F. Supp. 2d at 788 (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court . . . is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citation and internal quotation marks omitted)). In the District of Maryland, the Guidelines represent this

market knowledge by providing ranges of reasonable hourly rates based on an attorney's years of experience. *See generally* Local Rule App. B (D. Md.). While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within the Guideline ranges.

According to Mr. Baror's affidavit, he is a partner with approximately seven years of experience and Anneliese M. Kite-Stone is an associate attorney with approximately three years of experience. Mot. Fees Ex. 1 ¶ 3. Defendant's counsel charged $250 per hour for both attorneys. *Id.* at ¶ 4. Mr. Baror states in his affidavit that he is "aware of the prevailing market rates and reasonable fees for handling similar labor and employment litigation matters" and that the attorneys' fees charged are "reasonable and well below the prevailing rates." *Id.* at ¶ 5. However, in the absence of independent evidence to the contrary, the Court will rely on the Guidelines. The Guidelines state that $165 to $250 is a reasonable rate for lawyers admitted to the bar for five to eight years, and that $150 to $190 is a reasonable rate for lawyers admitted to the bar for less than five years. Local Rule App. B (D. Md.). Given Mr. Baror's experience, the Court finds that $250 per hour is reasonable. However, since Ms. Kite-Stone has only three years of experience, the Court will apply a rate in the middle of the appropriate Guideline range of $170 per hour. The Court shall adjust Defendant's recovery accordingly.

### B. Reasonable Hours

Generally, the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar*, 106 F. Supp. 2d at 788 (citations omitted). Those "records must specify, for each attorney, the date, the hours expended and the nature of the work done." *Id*.

Defendant's counsel seeks reimbursement of 14.6 hours of work for the Motion for Admissions and 28.4 hours of work for the Motion for Sanctions. Mot. Fees Ex. 2–3. The Motion for Fees specifies the amount of time each attorney spent on each task. *See id*. Tasks include taking Plaintiff Ball-Rice's deposition, drafting motions that were circulated between the parties pursuant to Local Rule 104.8, drafting motions that were filed with the Court, and emailing and conferring with opposing counsel. *See id*. Overall, the amount of time expended on each task appears reasonable. However, Defendant included two hours of Plaintiff Ball-Rice's eight-hour deposition in the calculation, indicating this amount of time was needed to address issues related to the Motion for Admissions and the Motion for Sanctions, but does not provide support from the deposition transcript to substantiate this claim. *See id.* at 3. Defendant offers only four brief excerpts from the deposition for the Motion for Admissions and one brief excerpt from the Motion for Sanctions. *Id*. The Court, therefore, finds that Defendant should not have factored any of Plaintiff Ball-Rice's deposition into the total amount of time spent and shall adjust the recovery calculation accordingly.

### C. Calculation of Fee Award

The following is an explanation of the Court's calculations for Defendant's fee award:

**Motion for Admissions**

| Individual | Hours | Rate | Fees |
|---|---|---|---|
| Robert Baror, Esq. | 3.00 | $250.00 | $750.00 |
| Anneliese M. Kite Stone, Esq. | 10.80 | $170.00 | $1,836.00 |

After adding $61.87 for expenses, *see* Mot. Fees Ex. 3, the total award for the Motion for Admissions is $2,647.87. As discussed above, the Court has adjusted recovery to exclude all fees associated with Plaintiff Ball-Rice's deposition and transcript. The Court orders Plaintiff's attorney, Bryan Chapman, and not Plaintiff individually, to pay the $2,647.87 due for the Motion for Admissions.

**Motion for Sanctions**

| Individual | Hours | Rate | Fees |
|---|---|---|---|
| Robert Baror, Esq. | 10.10 | $250.00 | $2,525.00 |
| Anneliese M. Kite Stone, Esq. | 17.30 | $170.00 | $2,941.00 |

After adding $55.26 for expenses, *see* Mot. Fees Ex. 2, the total award for the Motion for Sanctions is $5,521.26. As discussed above, the Court has adjusted recovery to exclude all fees associated with Plaintiff Ball-Rice's deposition and transcript. The Court orders Plaintiff's attorney, Bryan Chapman, and not Plaintiff individually, to pay the $5,521.26 due for the Motion for Sanctions.

### III. CONCLUSION

For the reasons stated herein, the Court awards Defendant fees in the amount of $8,169.13. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

/s/
Charles B. Day
United States Magistrate Judge

CBD/slr/isa